CHITTENDEN,
*January,*
1838.

JEDEDIAH BOYNTON, Adm. of the estate of GUY BOYNTON *v.* the estate of GUY BOYNTON.

The only competent parties to a submission, under the 69th section of the Probate act, are the executor or administrator, on one side, and a creditor or debtor of the estate, on the other.

A widow of an estate, merely *as such,* is neither a *creditor* nor a *debtor* of such estate, within the meaning of the 69th sect. of the Probate act.

When two partners are debtors or creditors of an estate, and *one alone* agrees to a submission, under the provisions of such section, the other partner is not bound by such submission.

A surviving partner, who is also administrator of the deceased partner, cannot submit a matter betwen the partnership and the estate, because, in such -case, he would be acting in the-double capacity of a representative and a debtor or creditor of the estate.

THIS was an appeal from the decision of the Probate Court for the district of Chittenden to this Court.

It appeared from the copies of the appeal that Guy Boynton, deceased, left a widow (Laura M. Boynton,) who was entitled to a distributive share out of his estate ; that she had since intermarried, with one Lyman Prentiss, and that on the settlement of the second account of Jedediah Boynton, the Admr. of the estate of the said Guy, deceased, in the Probate Court, the said Lyman and Laura, filed written objections to the account of the administrator, and averred ;—That at, and long before, the decease of the intestate, the said Jedediah and one Biall Boynton were and had been partners in trade and merchandise ; that the said Jedediah, Biall and Guy, at the time of said Guy's decease, were, and had been, jointly engaged in manufacturing and dressing cloth, and in carding and spinning, by means whereof great profits had accrued to them, and that they were, at the time of the said Guy's decease, jointly possessed of wool and other manufacturing stock, cloths, machinery, and rights and credits, which accrued in respect to said business, all of which, upon the death of the said Guy, came into the hands of the said Jedediah, and Biall, and were by them converted into money, or appropriated to their own use ; that upon a just and true account between the said Jedediah, Biall and the estate of said Guy, five thousand dollars would be found due from the said partnership concern to the estate of the said Guy, and that the said Jedediah, in his account of his

CHITTENDEN,
January,
1838.

Boynton Adr.
v.
the estate of
Boynton.

administration, had not given any credit for any moneys so received by him and the said Biall, on account of said joint business, and prayed that the said account be disallowed, and that said Adm. might be ordered to render a new account, correcting the errors and supplying the omissions, above complained of. The administrator pleaded in bar to the objections and averments of the said Lyman and Laura, that, at a probate court holden at Williston in the district of Chittenden, on the 17th of Feb. 1834, he rendered an account of his proceedings, as such administrator, and that the said Laura Prentiss, then Laura Boynton, then and there appeared, and objected to the allowance of said account, and then and there contended that the said Jedediah, as such administrator, should be made chargeable for the same matters and things in said objections set forth, and that by the order of said probate court, and by the consent of the said Laura and Jedediah, the same subject matter was referred, under a rule of said Probate Court, to the determination of Martin Chittenden, John Bradley and Horace L. Nichols, and that the referees, having heard the parties, as well the said Jedediah, as the said Laura, on the 14th day of March 1834, made their report in writing to said Probate Court, that they found due from the estate of said Guy to the surviving partners of the firm; the sum of $34,84; which report was accepted by said Probate Court, and ordered to be recorded. The said Lyman and Laura prayed oyer of the record of the probate court; and so much of the record, as shows the submission, is as follows :—

" Be it remembered, that at a Probate Court, holden at
" Williston, in the district of Chittenden, on the 17th day of
" February, A. D. 1834, on the application of Jedediah
" Boynton, administrator of the estate of Guy Boynton, late
" of Hinesburgh, deceased, and in pursuance of an agree-
" ment entered into by the said Jedediah Boynton, as admin-
" istrator, as aforesaid, and Biall Boynton, a co-partner in the
" late firm of G. & B. Boynton, to refer all matters relating
" to the late co-partnership firm of G. & B. Boynton, to the
" determination and award of Martin Chittenden, John Brad-
" ley and Horace L. Nichols, the Court aforesaid appointed
" and commissioned said referees," &c. Which record
being read, the said Lyman and Laura demurred, generally,
to the plea of the said Jedediah.

*Lyman & Marsh*, for defendants.

1. The statute, creating a new remedy in derogation of the common law, is to be strictly construed. By the probate act, Stat. 347, § 69, it is provided, that the administrator or executor may agree with the debtor or creditor, to submit, &c. Now the widow is neither debtor nor creditor, and, therefore, had nothing to submit. Nor can the administrator, who, according to the report, was a creditor, divest himself of his fiduciary character, and substitute the widow as curator of of the estate, *pro hac vice.* If the widow is to be considered as a creditor, it is clear that she could submit her claims only, whereas, it is here contended, that she had power to bind the estate, to the possible injury of other claimants.

2. The party verifies the appearance and assent of the widow, by the record. If a record, upon oyer, appear to be untruly pleaded, it is good cause of demurrer. Now, the plea alleges the submission to have been between the widow and the administrator. But the record of the reference shows it to have been between the two surviving partners, though the rule of reference makes the estate (without saying at whose relation,) a party.

3. The administrator, as such, cannot make a submission between the estate and himself. - *Dana,* Executor v. *Prescott,* Administrator, 1 Mass. Rep. 200.

*C. Adams,* for plaintiff.

It is the evident intention of the statute, that the parties should have power to refer all possible disputes, and here the most comprehensive terms are used. The word *creditor* embraces all, who may have any claims against the estate, without reference to the character of the claims; while on the other hand, the word *debtor* embraces all, against whom the estate may have any claim.

But if there is any difficulty in this case, it arises from the *apparent* parties in the record of the reference. The parties, actually before the court, were the said Laura, Jedediah, and Biall Boynton. But in order to make the reference, the administrator must be a party on one side, and the debtor or creditor on the other, and hence the entry in *form* was between the administrator and Biall Boynton, though in fact it was between the said Laura on the one side, and Jedediah and Biall on the other. This form was adopted from the ne-

CHITTENDEN,
*January,*
1838.

Boynton Adr.
*v.*
the estate of
Boynton.

CHITTENDEN, cessity of the case, but the form is of no importance. The
January,
1838.      proper inquiry is, whether the subject has been examined and
───────── decided, and this sufficiently appears.
Boynton Adr.
    v.          It is averred in the plea, that Laura attended before
the estate of the probate court, and was, in fact, a party to the reference,
  Boynton.
and if this fact was intended to be denied, it should have
been traversed. Indeed, this point was raised in the court
below, and proved. The record of the probate court does not
disprove the fact of Laura's attendance as a party.

The opinion of the Court was delivered by

ROYCE, J.—The only authority for referring claims in con-
test before the court of probate, is contained in the 69th
section of the probate act. It is there enacted—" That
" the executor or administrator may agree with the creditor
" or debtor, before the probate court, to submit any, or all
" demands between them, under a rule of said court, to re-
" ferees; in which case their award, being made to, and ac-
" cepted by, said court, shall be final between the parties."
As the whole proceeding must originate in the mutual consent
and agreement of the parties, it becomes essential to the suffi-
ciency of this plea in bar, that it should disclose an agree-
ment to submit, entered into by competent and proper par-
ties. The only competent parties in such a case are the ex-
ecutor or administrator, on one side, and a creditor or debtor
of the estate, on the other. In the present instance, the al-
leged basis of the reference was an agreement between the
administrator and the widow of the intestate; the latter seek-
ing to charge the administrator with partnership profits and
effects, in order to increase her distributive share in the es-
tate. But the widow, merely as such, is neither a *creditor*
nor *debtor* of the estate, within the meaning of this section
of the statute. Those terms are evidently used in their com-
mon and popular acceptation. The reference is authorised as
a substitute for an adjustment before commissioners, and the
other modes of adjudication established by law. And this
defect of parties seems to have pervaded the whole proceed-
ing, as set forth in the plea; it being alleged that the referees
" heard the parties, as well the said Jedediah as the said Lau-
ra," and reported a balance against the estate.

Another objection arises from the want of any averment in
the plea, showing that Biall Boynton became a party to the re-

ference. As no previous settlement between the surviving partners is alleged, it must be taken that they were alike interested in the subject submitted; and it is certain that if either partner omitted or refused to join in the reference, his rights were not concluded by it.

CHITTENDEN,
*January,*
1838.

Boynton Adr.
*v.*
the estate of
Boynton.

Again;—should the widow be treated as a creditor, for the present purpose, and the administrator as her debtor, in his character of administrator; yet he appears to have also acted in this transaction as an alleged debtor of the estate, in his character of partner. And the statute does not authorise a reference between a creditor of the estate and a debtor of the estate, but only between the estate (viz. the administrator, as such,) and a creditor or debtor thereto.

We have thus far considered the plea without regard to the probate record therein referred to. It is apparent that the record tends as much to negative the plea, in some particulars, as to support it in others. But as a repleader would probably be allowed, if the reference, as it appears upon the record, is entitled to prevail, it is proper to notice an objection which must evidently attend the case, under any form of pleading. We allude to the double capacity in which Jedediah Boynton is necessarily presented. As administrator, he was the representative of the estate, whilst as partner with Biall Boynton, he assumed the attitude of a supposed debtor to the estate. He, therefore, appeared both as creditor and debtor, in reference to the same subject matter. It is true, that this consideration furnishes no legal objection to the trial of demands for, or against an administrator, in the probate court, before commissioners, or upon appeal duly taken. But those proceedings are had, under provisions of a statute, very differently expressed. Upon these several grounds, we are of opinion that the reference cannot be sustained.

Judgment that the plea is insufficient.