JAMES T. EGAN, Admr., *v.* HENRY R. WIRTH *et al.*

PROVIDENCE—JULY 27, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Partnership. Trusts. Executors and Administrators.*

By the terms of a partnership agreement between A. & B., the partnership was to continue until terminated by two months' notice in writing, and contained the following provision: "In case of the death of A. his executor or administrator shall continue in his place and stead in said partnership in the same manner as if he were living and the said B. shall conduct the business, giving to the personal representative of the estate of A. full accounts of the business. In case either such legal representative or B. shall become dissatisfied and shall desire to discontinue the business and shall give notice in writing to the other, the party so notified shall have the right to take and assume the business upon paying the debts of the firm and one-half of the value of the assets as they then appear, and one-half of the value of the good will. If he shall not choose to pay such sum, then the other may assume and take the business upon the same terms.

A. died a resident of Boston, leaving a widow C., and, as his heirs at law, a son and a daughter. By his will C. was appointed executrix, and qualified in Massachusetts. The will devised the estate in trust for the benefit of his wife and children until the youngest child became of age, and provided: "I direct my executrix to continue the business in which I shall be interested, whether alone or in partnership, and to use such portion of the funds

as may be necessary.    Such business shall be continued as long as the same shall be of profit to the estate, or the executrix, upon some emergency, shall be obliged to discontinue it.

After the death of A., B. managed the business, rendering regular accounts to C., as executrix.

C. died, giving by will her interest to her children, and appointing D. executor. D. was also appointed guardian of the children.

B. was also appointed as administrator, *de bonis non*, with will annexed, of the estate of A. in succession to C., and was also appointed trustee of the real estate in Massachusetts and Rhode Island.

Thereupon B. managed the business for the benefit of himself and the estate of A., rendering accounts to D., as guardian, and from time to time paying over to himself, as administrator of the estate of A., one-half share of the profits.

Thereafter E. was appointed administrator in Rhode Island, of the estate of A.    On appeal from such appointment, and pending petition for new trial thereon, B. gave notice to E. of his desire to discontinue the business in accordance with the provisions of the partnership agreement.    E. thereupon filed this bill for instructions:—

*Held,* that the general scope and tenor of the partnership agreement was to leave the surviving partner in full control, not subject to the dictation of the personal representative of A., as a co-partner, but liable only to make true reports of the business to such representatives and divide the profits with them.

*Held,* further, that the representatives of the estate of A. were bound by the original articles of co-partnership as long as the capital of A. remained in the business.

*Held,* further, that B. had the right to discontinue the business, and that E. was the proper person to be notified of such determination.

*Held,* further, that, the appointment of E. being in full force, notwithstanding the appeal, so far as receipt of notices of claims, etc., under Gen. Laws cap. 210 §§16–18, he had full capacity to receive such notice.

*Held,* further, that all the power and authority, with respect to the business, which were devolved upon the representatives of A. by the articles of co-partnership were held by E., including the power to assume the business as therein specified.

BILL IN EQUITY for instructions, and seeking injunction. Heard on bill and answers.

DOUGLAS J.    On the first day of May, 1889, a copartnership was formed between Jacob Wirth, of Boston, Massachusetts, who was carrying on a wholesale and retail liquor business in both Boston and Providence, and Henry R. Wirth, of Providence, Rhode Island, for the purpose of carrying on the business at Providence.    By the terms of the articles the copartnership was to continue until termination of two months'

notice in writing, by either of the parties, and it was further provided as follows: "In case of the death of said Jacob Wirth, his executor or executors or administrator or administrators shall continue in his place and stead in the said copartnership in the same manner as if he were living, and the said Henry R. Wirth shall manage and conduct the business; giving, nevertheless, to the personal representative of the estate of said Jacob Wirth full accounts of the business as often as once in three months, or oftener if so requested, and giving also at all times full access to the books of the firm and providing all information that may be requested of the conduct of the business. In case either such legal representative or the said Henry R. Wirth shall become dissatisfied and shall desire to discontinue the business and shall give notice in writing thereof to the other party, the party so notified shall have the right to take and assume the said business upon paying the debts of the firm and one-half of the value of the assets as they then appear upon the books of the firm, and also one-half of the value of the good will of the business, to be ascertained as follows: Each party shall select one person, and if such two persons shall not agree they may choose together a third, and the appraisal of a majority of the three shall be the sum at which the partner notified as aforesaid may assume and take the business of the copartnership. If he shall not choose to pay such sum, then the other may assume and take the said business upon the same terms; and whenever one shall acquire the right to continue the business in manner aforesaid, he may demand and shall receive such bills of sale, conveyances and acquittances as may be necessary to give him full and complete title thereto."

Jacob Wirth died on the tenth day of August, 1892, a domiciled resident of Boston, leaving a widow, Maria Wirth, and, as his only heirs at law and next of kin, Jacob Wirth, a son, now of full age, and Elizabeth Maria Wirth, a daughter who will be twenty-one years of age on the 22d day of March, 1905. By his will, which was duly admitted to probate in the Probate Court of the county of Suffolk in Massachusetts, and a copy whereof was recorded in the Municipal Court in Provi-

dence, his wife, Maria Wirth, was appointed executrix, and she duly qualified as such in the Massachusetts court, but failed to qualify as executrix in Rhode Island.

The will devised the testator's real estate which was occupied by his Boston business, and also that occupied by the Providence firm, in trust for the benefit of his wife and children, until the youngest child should become of age, and with respect to the business of the testator the will provided as follows: "Whereas, I am now engaged in a profitable business of which I desire my estate to have the benefit after my death, it is my will and I hereby direct my executrix, or her successor or successors, to continue the business in which I shall be engaged or interested at the time of my death, whether alone or in partnership; to use such portion of the funds of the estate as may be necessary to conduct such business. And such business or any part thereof shall be continued as long as the same shall be of profit to the estate, or the executrix upon some emergency shall be obliged to discontinue the same. And I authorize my executrix to employ persons connected with said business, and if it shall prove desirable by giving a share, or shares, of the profits of said business as compensation. And my executrix or her successor or successors shall not be called upon to settle said estate or to distribute any portion of the principal thereof so long as she or they see fit to continue the business as aforesaid, provided always that it shall not be made to appear to the Court that such business is being conducted at a loss to the estate of those interested therein; but the profits arising out of the estate may be administered and distributed as they shall accrue according to the interest of the legatees under this will as above provided."

After the death of Jacob Wirth the business was carried on at a profit, under these provisions of the copartnership articles and of the will. Henry R. Wirth had the control and management of it, and Maria Wirth, executrix, received from him regular accounts and divisions of profits and distributed the profits amongst the beneficiaries under the will, or accounted for the same, in her annual accounts as executrix, to the Probate Court of Suffolk county, Massachusetts.

On September 3d, 1899, Maria Wirth died, leaving a last will in which her interest in the business carried on in Boston is given to her children, and the residue of her property, after certain bequests, is given to George Fred Williams in trust for the benefit of the children and their issue, and in which George Fred Williams is appointed executor. Mr. Williams duly qualified as such executor and accepted the appointment of trustee, and was also appointed guardian of the minor children. Henry R. Wirth was also duly appointed and qualified as administrator *de bonis non*, with the will annexed, of the estate of Jacob Wirth, in succession to Maria Wirth, executrix; and he was also appointed trustee of the real estate in Massachusetts and in Rhode Island.

From that time to the present Henry R. Wirth has managed the business of Jacob Wirth & Co., in Rhode Island, for the benefit of himself and the estate of Jacob Wirth, and has from time to time informed George Fred Williams, trustee and guardian as aforesaid, of the state of the business, and said Williams has always been afforded full information of the said business and has always been represented at the taking of accounts of the same, and the said Henry R. Wirth has sent to said George Fred Williams monthly trial balances, drawn from the books by the regular bookkeeper employed by Jacob Wirth & Co. From time to time the one-half share of the profits of said business has been paid over by said Henry R. Wirth to himself as administrator of Jacob Wirth, and has been taken up and included in his statements rendered to the Probate Court of Massachusetts.

Under the management of Henry R. Wirth as aforesaid, the business of Jacob Wirth & Co. was prosperous, the profits were divided from time to time to the persons entitled to them, and the accounts were satisfactory to all concerned until about the time when Jacob Wirth, the son, became of age and desired to be appointed administrator of his father's estate in place of Henry R. Wirth. The latter refused to resign, and proceedings were instituted for his removal, in which George Fred Williams acted as counsel for Jacob Wirth. These circumstances made it necessary for Henry R. Wirth

to consult other counsel, who called his attention to the dual
relation which he held towards the business of Jacob Wirth
& Co., being surviving partner of the firm and half owner of
the business, and also, as administrator of Jacob Wirth, rep-
resenting the other half which had been owned by Jacob Wirth
and now formed part of his estate.    With the intention, there-
fore, of putting the interest of Jacob Wirth's estate in the
business into impartial hands, and particularly of divesting
himself of his dual relation to said business, he addressed a
petition to the Municipal Court of Providence requesting the
appointment of an administrator in Rhode Island of the estate
of Jacob Wirth, here situated, and on June 16, 1903, this com-
plainant was appointed.    Appeal from said decree was taken
to the Common Pleas Division of this court, and, jury trial
having been waived, was heard by Mr. Justice Dubois in the
Appellate Division, who rendered a decision, November 19,
1903, confirming the appointment.    A petition for a new trial
of this appeal was denied, by the full bench of the Appellate
Division, January 20, 1904.    The complainant accepted the
appointment of administrator and filed his bond as such on the
first day of December, 1903, and on December 4th, 1903, Henry
R. Wirth served upon him the following notice:

"PROVIDENCE, R. I., December 4, 1903.
" JAMES T. EGAN, ESQ.,
" *Administrator with the will annexed of the Estate of Jacob Wirth*
*in Rhode Island:*

"DEAR SIR:—Please take notice that I have become dis-
satisfied and desire to discontinue the business of Jacob Wirth
& Co., and hereby give you notice to that effect in accordance
with the copartnership agreement dated the first day of May,
A. D. 1889, between Jacob Wirth and myself.

"Yours truly,
"HENRY R. WIRTH,
"By his attorneys,
"COMSTOCK & GARDNER."

On January 26, 1904, the complainant filed this bill, making

Henry R. Wirth personally and as administrator *de bonis non cum testimento annexo* of the estate of Jacob Wirth, deceased, Jacob Wirth, Elizabeth Maria Wirth, and George Fred Williams as executor of the will of Maria Wirth, deceased, and as trustee under the will of Maria Wirth, defendants thereto. These parties are all the parties in being interested in the subject-matter, and, having been properly served, are now before the court. Henry R. Wirth and Jacob Wirth have filed answers, and the infant respondent, by her guardian *ad litem*, has submitted her rights to the protection of the court.

The bill was ostensibly brought for instructions; but as it also prayed for an injunction against Henry R. Wirth, it gave him the opportunity to modify its statements and to rehearse in his answer certain facts which he conceived to be material to the issue presented. So far as the bill asks for the remedy of an injunction it is an adverse proceeding, and we must consider the case as made out by the bill, answer of Henry R. Wirth, and admissions at the trial, instead of exclusively from the complainant's point of view.

It became apparent, however, at the hearing that the parties made no serious contention as to the facts as stated in the bill and in the answer of Henry R. Wirth, but differed as to the legal relations of the parties towards each other with respect to the business of Jacob Wirth & Co., and as to their respective rights and obligations in the premises.

These questions of law the complainant states as follows:

"*First.* Whether the aforesaid notice of the dissolution of the copartnership of Jacob Wirth and Co., given by Henry R. Wirth to this complainant pending said appeal, was an effective notice under said articles of copartnership, to dissolve said copartnership; and if ineffectual by reason of the time it was given, whether if a similar notice was now served upon him, would it be effectual to dissolve said copartnership.

"*Second.* If said Henry R. Wirth, while occupying the position of administrator on the estate of Jacob Wirth in Massachusetts with the will annexed, can dissolve said copartnership by giving a notice of his desire so to do to this com-

plainant, is the complainant empowered to assume said copartnership business for the said estate of Jacob Wirth?

"*Third.* If this complainant has the power to assume said copartnership business for said estate is he bound to pay one-half of the value of the assets of said copartnership as they appear upon the books of said copartnership; or is he before being required to do so entitled to a full and just accounting from said Henry R. Wirth of the business and assets of said copartnership from the date of his appointment as the successor of said Maria Wirth, deceased?

"*Fourth.* Has this complainant power in assuming said copartnership business to bind the estate of said Jacob Wirth now in the hands of said Henry R. Wirth, administrator thereof in Massachusetts?"

(1) The theory of the bill, which is also adopted by the answer of Jacob Wirth, is that upon the death of Jacob Wirth, senior, a copartnership was formed between Henry R. Wirth and Maria Wirth, executrix; that upon the death of Maria Wirth and the appointment of Henry R. Wirth as *administrator de bonis non*, a new copartnership was formed between Henry R. Wirth, individually, and Henry R. Wirth, administrator; that consequently, if Henry R. Wirth desires to terminate the copartnership he can do so only by applying for the direction of a court in equity, inasmuch as the mode of dissolution provided in the articles requires negotiation between Henry R. Wirth on the one hand, and a separate representative of the interest of the estate of Jacob Wirth on the other, who should be able to act with sole reference to the interests of the estate.

The equitable principle can not be doubted, that a trustee can not deal with himself with respect to trust property, and this principle applies to a surviving partner who is also executor of the estate of the deceased partner. *Boynton* v. *Boynton,* 10 Vt. 107; *Estate of Leavitt,* 28 Abb. N. C. 458; *Denholm* v. *McKay,* 148 Mass. 434–440. But the fact that Henry R. Wirth is administrator in Massachusetts need not forbid him individually to deal with the complainant, who is administrator in Rhode Island. It is said by Lowell, J., in *Re Clap,* 2 Lowell, 168, p. 172: "Equity never permits equitable rights

to be lost by the merger or union of different legal titles in the same person." In *Davies* v. *Davies*, 2 Keen, 534, Lord Langdale, M. R., held that an account by a surviving partner with the executor of the deceased partner, if unimpeached, is a sufficient defence to a bill for an account brought by residuary legatees. In *Smith* v. *Everett*, 27 Beav. 446, p. 454, it was said, by the Master of the Rolls: "It is a settled principle with respect to the power of executors that any one of several executors may settle an account with a person accountable to the estate."

It is also argued by the complainant that the intention of Jacob Wirth, as manifested by his will, was that his business should be conducted under the arrangements made by him until his children should become of age, and that as it is profitable it would be inequitable to terminate it until the time contemplated. We find no such intention in the will. The trust of the real estate terminates when the youngest child becomes of age, but the executrix or her successor is to carry on the Boston business and retain control of the assets of that business so long as it is profitable, without regard to the time of distribution of the rest of the estate, and the articles of copartnership of the Providence business give to either party in interest the absolute right to terminate it at will.

The legal status of the Providence business is not free from doubt. *Gibson* v. *Stevens*, 7 N. H. 352, 356. Whether Maria Wirth, executrix, became a partner with Henry R. Wirth or not, it can not be held that Henry R. Wirth is a partner with himself as administrator; and as the complainant has not assumed any active relation towards the business, he is clearly not a partner with Henry R. Wirth. A partnership is formed by act of the parties, not by operation of law. *Jacquin* v. *Buisson*, 11 How. Pr. 385; *Burwell* v. *Mandeville, Executor*, 2 How. U. S. 560, 576.

Some expressions in the articles imply that the personal representative of Jacob Wirth should form a new copartnership with the surviving partner, but the general scope and tenor of the articles seem rather to leave the surviving partner in full control, not subject to the dictation of the executrix as a

copartner, but liable only to make true reports of the business to her and to divide profits with her. On the whole we think this is the prevailing intent of the agreement. *Vid. Holme* v. *Hammond*, 7 L. R. Exc. 218, 230; *Wild* v. *Davenport*, 48 N. J. L. 129. Such questions are vital in cases where creditors are seeking to hold the representatives of an estate liable for the debts of a failing concern, as are most of the cases in the reports, but, happily, they are of little importance here, where the business has been uniformly profitable. *In re Laney*, 50 Hun. 15, 18. Whatever name may be given to the relation between the parties, their equitable rights and obligations are not difficult to define. Henry R. Wirth, in his individual capacity, is surviving partner of the firm of Jacob Wirth & Co. As such he has the right to manage and control the business for his own benefit and for the equal benefit of the estate of his deceased partner. That estate was first represented by Maria Wirth, executrix. After her death the sole beneficiaries in the estate were represented by George Fred Williams, guardian, so long as both the heirs were minors, and since the appointment of the complainant all property and interests of the estate in Rhode Island have been and are represented by him as administrator, etc. The complainant is as much the successor of Maria Wirth, executrix, in Rhode Island, as Henry R. Wirth is in Massachusetts, with the sole exception that the ancillary administrator is charged with the duty of finally accounting to the domiciliary administrator. So long as there was no administrator in Rhode Island, it was the duty of the surviving partner to deal with the domiciliary executrix; and when he himself became domiciliary administrator he very properly rendered accounts to the guardian of the heirs, and since Jacob Wirth, the younger, became of age, as appears by Jacob Wirth's answer, has accounted to him for his portion of the profits. Whether there has been one partnership which was dissolved by Jacob Wirth's death, and in respect to the business of Jacob Wirth & Co., Henry R. Wirth, as surviving partner, has since that time been acting in a fiduciary capacity towards the estate of Jacob Wirth, or there have been successive partnerships, in either case the representatives of the estate of Jacob Wirth are bound by the

original articles of copartnership, which are in full force as long as his contribution to the capital remains in the business.

With this understanding of the equitable relations of the parties, we are prepared to answer the questions propounded so far as they involve matters within our jurisdiction.

*First.* We find that Henry R. Wirth had the right to discontinue the business carried on under the name of Jacob Wirth & Co., and that the complainant was the proper person to be notified of such determination; and further, we find that the notice given to the complainant on the fourth day of December, 1903, was effectual to that end. The complainant's appointment was then in full force, notwithstanding the pending appeal, so far as the custody of the property of the estate, the collection of debts, and the receipt of notices of claims was concerned. Gen. Laws cap. 210, §§ 16, 17, 18. We have no doubt that he had full capacity to receive this notice.

*Secondly.* We answer that all the power and authority with respect to the business of Jacob Wirth & Co. which were devolved upon the representatives of Jacob Wirth, deceased, by the articles of copartnership, are now held and may be exercised by the complainant, including the power to assume the business of Jacob Wirth & Co., upon the terms specified and set forth in said articles.

*Thirdly.* It is admitted by exhibit A, annexed to and forming part of the answer of Henry R. Wirth, that the value of the assets of Jacob Wirth & Co., as stated upon the books kept in said business, was placed at a low figure by consent of all the parties interested, when, after the death of Maria Wirth, executrix, it was thought necessary to include these assets in the inventory rendered to the Probate Court in Massachusetts. This circumstance makes it inequitable to enforce the provision of the articles that the book values should be taken as the basis of purchase, as they otherwise must have been. *Lowenstein* v. *Schiffer*, 38 N. Y. App. Div. 178. The parties, therefore, must ascertain, either by agreement or by reference to disinterested parties, the true value of such assets; and the complainant is also entitled to an account of the business trans-

actions and profits from the date of the last account which has been approved by the heirs or by their guardian.

If the parties are unable to agree upon these items, or upon a method of ascertaining them, the court, upon a proper application, will provide a remedy. The right to purchase is of the substance of the agreement; the value may be fixed by any convenient method if the prescribed method fails. *Denhold* v. *McKay, supra,* 440; *Grosvenor* v. *Flint,* 20 R. I. 21.

*Fourthly.* We have no jurisdiction of the domiciliary administrator as such, and can not determine his official responsibilities or duties.

It is not to be expected that the complainant to whom this option is given will elect to purchase without the advice and concurrence of the persons who are ultimately interested in the estate. As we read the will of Jacob Wirth, which provides that his representatives shall "use such portion of the funds of the estate as may be necessary to conduct such business," either that in which he was alone interested or that in which he was interested as a partner, it clearly implies that if the exigency should arise which should demand the purchase of Henry R. Wirth's interest in the business of Jacob Wirth & Co., any of his business assets should be used for that purpose. If the parties in interest agree that such a course is desirable, and the Probate Court in Massachusetts places upon the will the construction which we think it bears, no doubt they will instruct the administrator accordingly. Under the articles of copartnership of Jacob Wirth & Co., the right of either party to discontinue the business does not depend upon the pecuniary ability of the other party to purchase. The exercise of the right to purchase, of course, does depend upon such ability, and unless, either by direction of the Probate Court in Massachusetts or otherwise, a sufficient sum is provided, the complainant will necessarily decline the option.

A decree will be entered dissolving the injunction now in force and advising the complainant in accordance with this opinion.

*Charles E. Gorman and C. Woodbury Gorman,* for com-
plainant.

*Comstock & Gardner,* for respondent Henry R. Wirth.

*George Fred Williams,* for respondent Jacob Wirth.